IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EARL GOODIN,<br>    ID #56482-177,<br>        Movant, | )<br>)<br>) | |
| | ) | No. 3:20-CV-1644-D-BH |
| vs. | ) | No. 3:17-CR-573-D-9 |
| | ) | |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 18, 2020 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

### I.    BACKGROUND

James Earl Goodin (Movant) challenges his federal sentence in Cause No. 3:17-CR-573-D-9. The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

On November 8, 2017, Movant was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One), and possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Ten). (*See* doc. 1 at 3-4.)[2] He pleaded guilty to Count Ten of the indictment on January 19, 2018, under a plea agreement. (*See* docs. 97, 200.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:17-CR-573-D-9.

guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 97 at 1.)[3]  He agreed that the factual resume he signed was true and would be submitted as evidence.  (*See id.* at 2.) The plea agreement set out the range of punishment for Count Ten and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines.  (*See id.* at 2-3.)   He understood that the Court had sole discretion to impose the sentence.  (*See id.* at 3.)

At his re-arraignment on January 19, 2018, Movant acknowledged under oath that he had committed each of the essential elements of the charged offense as set forth in his factual resume, and that the stipulated facts in the factual resume were true and correct.[4]  (*See* doc. 406 at 15-16.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances.  (*See id.* at 8-10, 16-17.) He affirmed that he had discussed with his attorney how the sentencing guidelines worked; he understood that the guidelines were advisory and that his counsel's professional opinion concerning what the guideline range might be was not a guarantee or promise.  (*See id* at 12-13.) He acknowledged that no one had made any specific prediction or promise about what his sentence would be, that the Court alone would decide his sentence, and that he was not pleading guilty based

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] At the re-arraignment, Movant corrected a portion of the factual resume on the record regarding the location where the charged offense occurred. (*See* doc. 406 at 15-16.)

2

on any promises by anyone other than those in the plea agreement. (*See id.* at 7, 12.) He acknowledged his understanding that by pleading guilty to Count Ten, he was subjecting himself to a maximum period of imprisonment of 20 years. (*See id.* at 10-11.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 14, 17-18.)

On March 22, 2018, the United States Parole Office (USPO) prepared a Presentence Investigation Report (PSR). (*See* doc. 232-1.) The USPO obtained information relating to the background of, and Movant's role in, the charged offense from the indictment, factual resume, investigative reports from federal and state law enforcement, and an interview with a federal agent. (*See id.* at ¶ 6.) Based on this information, which included the methamphetamine amounts reported by two confidential sources, the PSR held Movant accountable for 694.57 grams of methamphetamine. (*See id.* at ¶¶ 14, 17-18.)

The PSR applied the 2016 United States Sentencing Guidelines Manual; under the applicable drug quantity table under U.S.S.G. § 2D1.1(c)(5), it calculated the base offense level at 30. (*See id.* at ¶¶ 25-26.) Two levels were added because the offense involved the importation of methamphetamine from Mexico to the United States, and two levels were added because Movant maintained a premises for the purpose of manufacturing or distributing a controlled substance. (*See id.* at ¶¶ 27-28.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (*See id.* at ¶¶ 34-36.) Based on a criminal history category of II and an offense level of 31, the guideline range of imprisonment was 121 to 151 months. (*See id.* at ¶ 85.) Movant objected to the PSR on June 8, 2018, arguing that he was accountable only for the 28.99 grams of methamphetamine he admitted to possessing in his factual resume, and that the PSR erred in attributing additional methamphetamine amounts to him as relevant conduct.

(*See* doc. 320 at 1-3.)   He also objected to the two-level enhancement for maintaining a premises for the manufacture or distribution of a controlled substance.   (*See id.* at 3-6.)

The USPO submitted an addendum to the PSR on June 29, 2018, rejecting Movant's objections.   (*See* doc. 331-1.)   It also determined that the PSR had not held Movant accountable for additional methamphetamine he distributed.   (*See id.* at 3.)   It therefore concluded that Movant was accountable for 5.1 kilograms of methamphetamine based on the quantity of methamphetamine he distributed to a third confidential source, which was corroborated by statements from cooperating defendants.   (*See id.* at 4, ¶¶ 16, 18.)   As a result of the new methamphetamine amount, Movant's base offense level became 34, and after the same adjustments from the original PSR were applied, his total offense level was 35.   (*See id.* at ¶¶ 26-28, 34-36.)   The resulting guideline range of imprisonment was 188 to 235 months. (*See id.* at ¶ 85.)   Movant objected to the addendum, withdrawing his objections to the 694.57 grams of methamphetamine in the PSR and the two-level enhancement for the use of a premises to manufacture or distribute a controlled substance, conceding to the PSR's methamphetamine amount, and challenging the 5.1 kilograms of methamphetamine in the addendum.   (*See* doc. 370 at 1-3.)   The USPO submitted a second addendum to the PSR on October 2, 2018, addressing Movant's objection to the methamphetamine amount in the first addendum; it did not accept Movant's challenge, but it acknowledged that if the objection were sustained and Movant held accountable for the methamphetamine amount in the PSR, his guideline imprisonment range would be 121 to 151 months.   (*See* doc. 382-1.)

At the sentencing hearing on October 12, 2018, the parties noted their agreement on the record to the PSR's original methamphetamine amount for which Movant was held accountable.

4

(*See* doc. 405 at 4-5.) Movant was specifically asked whether he agreed with counsel withdrawing the objection to the PSR's original methamphetamine amount, and was advised that he was not required to agree after he initially disagreed with the drug quantity amount and then subsequently agreed. (*See id.* at 5-6.) Movant acknowledged his agreement to the withdrawal of the objection to the PSR's original drug amount. (*See id.*) Based on the parties' agreement, the Court determined that the applicable sentencing guideline range was 121 to 151 months' imprisonment, and that it would not consider the second addendum to the PSR. (*See id.* at 4-6.) By judgment dated October 12, 2018, Movant was sentenced to a 121 months' imprisonment, to run consecutively to any sentence imposed in Case No. 5737 by the 8th Judicial District Court of Rains County, Texas, and to be followed by a three-year term of supervised release. (*See* doc. 388 at 2-3).

On direct appeal, Movant's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed on July 31, 2019. *United States v. Goodin*, 774 F. App'x 216, 217 (5th Cir. 2019). Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.    Substantive Claim**

Movant's § 2255 motion states a single claim for "denial of effective assistance of counsel." (No. 3:20-CV-1644-D-BH, doc. 2 at 7.) The Government filed a response on September 23, 2020. (*See id.*, docs. 8, 9.) Movant did not file a reply.

## II.    SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if

condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to

6

establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

**A.     Plea Proceedings**

Movant argues that counsel was ineffective because he "failed to understand the law as applied to sentencing regarding statutory sentence guidelines, and sentencing as to weight, and of course how each of those two differ, and thus failure to counsel as to plea process." (No. 3:20-CV-1644-D-BH, doc. 3 at 4; *see also id.*, doc. 3 at 7-8.) He claims that counsel "had asserted in the beginning to [Movant], that he would be charged with and ultimately be held responsible for 28 grams of methamphetamine, which carries a range of 5 to 40 years," citing his emails to counsel

7

in which he claims that counsel told him he would be responsible for only 28 grams of methamphetamine. (*Id.*, doc. 3 at 4; *see id.*, doc. 3 at 14-30.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted). A significant miscalculation between counsel's erroneous sentence estimate and the actual sentencing range can constitute deficient performance. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if convicted based on misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether alleged misrepresentation was actually made).

8

Even assuming for purposes of this motion only that counsel rendered deficient performance in representing Movant's sentencing guideline range, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007); *Gray v. United States*, Nos. EP-18-CV-93-PRM, EP-13-CR-1832-PRM-4, 2019 WL 3306012, at *4 (W.D. Tex. July 23, 2019) (finding that the movant could not establish prejudice from his counsel's alleged underestimation of his sentencing range where "the Court ensured that Movant understood his maximum possible sentence").

Here, Movant was advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of 20 years. (*See* doc. 97 at 2; doc. 406 at 10-11.) He was also advised though the plea documents and at his re-arraignment that his sentence would be imposed after the Court's consideration of the sentencing guidelines, which were advisory and not mandatory. (*See* doc. 97 at 3; doc. 406 at 12.) He swore in open court that no specific prediction or promise had been made to him about

9

what his sentence would be, that he understood counsel's professional opinion about what his advisory guideline range might be was not a guarantee or promise, and that he understood the Court alone would determine his sentence after completion of the PSR and could impose a sentence more severe than the applicable guideline range.[5] (*See* doc. 406 at 12-14.)

Accordingly, regardless of what counsel told him about his sentencing guideline range, Movant cannot show prejudice under *Strickland* because his plea documents and responses under oath to the Court's questioning show that he was clearly informed about and understood his sentence exposure when he pled guilty under the plea agreement. Movant is therefore not entitled to § 2255 relief on this ground, and it should be denied.

### B. Failure to Object to Methamphetamine Amount

Movant contends that counsel was ineffective for failing to "object[ ] to the weight of the drug attributed to him for purposes of plea and sentencing." (No. 3:20-CV-1644-D-BH, doc. 3 at 4; *see id.*, doc. 3 at 7.)

Here, counsel expressly objected to the methamphetamine amount for which Movant was

---

[5] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not identified an eyewitness to any alleged promise, and although he cites emails he sent to counsel claiming that counsel told him he would only be accountable for 28 grams of methamphetamine, he did not include any response from counsel to those claims. Movant has accordingly failed to provide independent indicia of the merit of an alleged promise. (*See* No. 3:20-CV-1644-D-BH, doc. 3 at 15, 21-22.) Accordingly, to the extent Movant's claim can be liberally construed to argue that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under § 2255.

held accountable in the PSR, arguing that the additional methamphetamine was not "applicable based on the facts of this case, the statute of conviction, and the rules of USSG § 1B1.3." (doc. 320 at 2.) In response to the addendum to the PSR, counsel objected to the revised methamphetamine amount attributed to Movant and challenged the USPO's interpretation of an investigation report. (*See* doc. 370.) Because the record establishes that counsel objected to the methamphetamine amounts for which Movant was held accountable in the PSR and the PSR addendum, Movant's claim is without merit and should be denied.[6]

To the extent Movant's claim can be liberally construed to allege that counsel was ineffective for withdrawing the objections to the methamphetamine amount in the PSR in response to the PSR addendum and during the sentencing hearing, Movant's claim also fails. In response to the PSR addendum concluding that Movant was accountable for 5.1 kilograms of methamphetamine, Movant withdrew his initial objection to the PSR that held him accountable for 694.57 grams of methamphetamine, stipulated to the PSR's amount of methamphetamine, and objected to the 5.1 kilograms of methamphetamine identified in the addendum. (*See id.* at 1, 3.) At sentencing, counsel represented on the record that the parties agreed that Movant would concede his initial objections to the PSR and stipulate that Movant's relevant conduct should be what was reflected in the PSR. (*See* doc. 405 at 4-5.) The Court specifically asked Movant whether he understood and agreed that he would be withdrawing his initial objections to the PSR,

---

[6] Although Movant appears to claim that counsel was ineffective for failing to object to the methamphetamine amount attributed to him "for purposes of plea," the methamphetamine amount of which Movant complains was contained in the PSR and addendum, both of which were completed *after* Movant entered his guilty plea. (*See* docs. 97, 200, 232-1, 331-1.) Movant failed to allege or demonstrate any basis on which counsel could have objected, during the process, to the methamphetamine amount for which Movant was later held accountable. His claim is therefore without merit and should be denied.

11

and that the drug quantity amount from the PSR would remain and not be increased to the amount in the addendum. (*See id.* at 5.) Movant was also advised that he was not required to agree to withdraw the objections. (*See id.* at 6.) With this knowledge, Movant voluntarily agreed to counsel's stipulation with the Government. (*See id.*)

Because the record clearly shows that Movant agreed to counsel's withdrawal of the objection to the PSR's methamphetamine amount, and that he knew he was not required to agree to the withdrawal but voluntarily agreed to do so anyway, Movant cannot establish that counsel's performance was deficient or that he suffered prejudice as a result under *Strickland*. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 748 (5th Cir. 2000) ("Counsel will not be deemed ineffective for following their client's wishes, so long as the client made an informed decision."), *abrogated on other grounds by Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012); *Strickland*, 466 U.S. at 691 (stating that the "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). Accordingly, Movant is not entitled to § 2255 relief on this claim, and it should be denied.

C.     **Failure to Move for Minimal and Minor Role**

Movant also appears to contend that counsel was ineffective for failing to "move for [a] minimal and minor role" reduction as requested. (No. 3:20-CV-1644-D-BH, doc. 3 at 4.)

U.S.S.G. § 3B1.2 provides for a four-level reduction to the offense level for a defendant who is a "minimal participant," a two-level reduction for a defendant who is a "minor participant," and a three-level reduction for a defendant falling between those two categories. This section applies only to a defendant who plays a part in committing the offense that makes him "substantially less culpable" than the average participant in the criminal activity. U.S.S.G. §

12

3B1.2, cmt. n.3(A); *see also United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992) ("Even if other codefendants were more culpable, that does not automatically qualify [defendant] for either minor or minimal status. Each participant must be separately assessed."). A defendant is entitled to this reduction if he shows at sentencing by a preponderance of the evidence: "(1) the culpability of the average participant in the criminal activity; and (2) that [ ]he was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016).

Here, Movant's claim is raised in a single sentence in his memorandum in support of the § 2255 motion. (*See* No. 3:20-CV-1644-D-BH, doc. 3 at 4.) He also includes two emails to counsel dated August 3, 2018 and August 7, 2018, in which he states, respectively, that he "would like [counsel] to put me in for minimal and minor participant even if i [sic] dont [sic] get it id [sic] like it to be wrote in[,]" and that he is "just checking to see if [counsel] put me in for minor minimal participant[.]" (*Id.*, doc. 3 at 22-23). The PSR determined that Movant was both a methamphetamine source of supply and customer, however. (doc. 232-1 at ¶ 9.) It also identified several instances in which Movant sold methamphetamine to others. (*See id.* at ¶¶ 10-11, 14-17.) Movant has failed to explain what evidence or argument counsel could have presented to dispute the PSR's findings or to demonstrate that he was entitled to any reduction under U.S.S.G. § 3B1.2. He therefore has not demonstrated that counsel was deficient for failing to make a futile or meritless objection to the argument for a reduction based on a minor or minimal role. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel's "failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised

the issue."); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Because counsel is not deficient for failing to raise meritless arguments, Movant has failed to satisfy the first prong of *Strickland*; and he failed to allege facts or evidence to demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (holding that prejudice under *Strickland* requires a "'substantial,' not just 'conceivable,' likelihood of a different result.") (citing *Harrington v. Richter,* 562 U.S. 86, 112 (2011)). Accordingly, Movant is not entitled to § 2255 relief, and his claim should be denied.

D. **Failure to Investigate**

Movant appears to argue that his counsel was ineffective for failing to conduct an investigation because the "additional weight of drugs counted towards [Movant] could have been corrected with minimal research." (No. 3:20-CV-1644-D-BH, doc. 3 at 8.)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "[C]ounsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* at 690. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial," however. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of

14

prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, Movant failed to allege what investigation his counsel should have conducted, what his counsel's investigation would have uncovered that would have been advantageous to him, and how it would have resulted in a different outcome. Accordingly, Movant has failed to satisfy both *Strickland* prongs and § 2255 relief on this ground should be denied.

### IV. EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his motion. (No. 3:20-CV-1644-D-BH, doc. 3 at 8-9.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (citation omitted); *Cervantes*, 132 F.3d at 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [ ]he is entitled to an evidentiary hearing on the issue.").

Here, Movant failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claims, and his request should be denied.

### V. RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a*

15

*Person in Federal Custody*, received on June 18, 2020 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 22nd day of July, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE